UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. VAUGHAN, et al.,<br>Plaintiffs,<br>v.<br>RUSSELL L. WARDHAUGH, et al.,<br>Defendants. | Case No. 23-cv-02879-RFL<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND AND FOR A MORE DEFINITE STATEMENT, AND DENYING REMAINING MOTIONS AS MOOT**<br><br>Re: Dkt. Nos. 14, 91, 96, 97, 101, 115, 120, 138, 163, 164, 165, 211, 222, 229, 230, 232, 243, 259, 262, 276, 277 |

Plaintiffs Matthew V. Vaughan and Amy A. Vaughan bought a condominium in January 2021, which they allege turned out to be uninhabitable due to construction defects, including an improperly installed water heater, water damage, mold, and fire safety problems. They further contend that the condo was built without proper permits and inspection, due principally to a combination of allegedly fraudulent conduct by the developers and corrupt handling of the permitting process by City of Oakland officials. Representing themselves, Plaintiffs have sued more than fifty Defendants for violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; deprivation of constitutional rights under 42 U.S.C. § 1983; and a variety of state law causes of action.

Defendants have filed a series of motions to dismiss and/or motions for more definite statement as to the First Amended Complaint. (Dkt. Nos. 14, 91, 96, 101, 115, 120, 138, 164, 165, 211, 222, 229, 230, 232, 243, 259, 262, 276, 277.) Defendants' motions as to the civil RICO claim and the section 1983 claim are **GRANTED** with leave to amend, for the reasons

detailed below. Because those two claims form the basis of the Court's federal question jurisdiction, and the Court declines supplemental jurisdiction over the remaining state law claims, the Court does not reach the remaining arguments raised in Defendants' motions to dismiss at this time. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

**1. *Civil RICO Claims*.** To state a civil RICO claim, Plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to their business or property. *See* 18 U.S.C. § 1962(c); *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Plaintiffs' RICO claim suffers a myriad of defects, which are not exhaustively detailed in this Order. Most fundamentally, the FAC fails to adequately allege both an enterprise and the requisite federal crimes that would constitute racketeering predicate acts causing injury to Plaintiffs.[1]

The FAC does not plausibly allege a RICO enterprise. To allege an association-in-fact enterprise, Plaintiffs must allege that "a group of persons associated together for a common purpose of engaging in a course of conduct." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Plaintiffs need to plausibly allege facts showing "an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." *Id.* (cleaned up). Plaintiffs argue that the civil RICO Defendants shared a common goal of creating illegal warehouse-to-condo conversions in Oakland, but the FAC does not allege facts plausibly indicating that all the RICO Defendants acted with the same purpose in mind. The allegations instead appear to support "a series of disconnected incidents, each involving a subset of the overall group of

[1] The City of Oakland and its employees also moved to dismiss under Rule 12(b)(1) for lack of Article III standing as to the civil RICO claim, due to the attenuated nature of the causation, arguing that Plaintiffs' injuries are not fairly traceable to their conduct. (Dkt. No. 115 at 11.) That motion is denied. Although Plaintiffs' theory of causation is inadequately pled as to their civil RICO claims for the reasons stated below, Plaintiffs have adequately alleged that they were injured by a chain of events set into motion by the City Defendants' conduct for purposes of Article III standing.

defendants, with no clear indication of a unified agenda." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1175 (E.D. Cal. 2017) (citing *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015)). Nor does the FAC indicate that there is an ongoing organization that functions as a continuing unit. For example, Plaintiffs allege that Movement Mortgage and ServiceMac engaged in foreclosure and collection activities as to Plaintiffs' loan, but do not plausibly allege facts that they did so as a continuing unit for other loans or with the common purpose to create illegal warehouse-to-condo conversions in Oakland.

Additionally, Plaintiffs do not adequately allege the predicate acts committed by each Defendant. "Racketeering activity is defined as the commission of a predicate act that is one of an enumerated list of federal crimes." *RJ v. Cigna Health & Life Ins. Co.*, 625 F. Supp. 3d 951, 961 (N.D. Cal. 2022) (cleaned up). "Where RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by *each* defendant." *Id.* (cleaned up). Plaintiffs allege that the group of Defendants "committed multiple related acts of wire fraud, mail fraud, mortgage fraud [under 18 U.S.C. § 1344], bribery of government officials, money laundering, and interference with commerce through property theft and other methods of real estate price fixing [in violation of the Hobbs Act]." (FAC ¶ 812; *see also* FAC ¶¶ 799 (listing the code sections corresponding to those crimes), 802 (stating generally that Defendants as a group created "the appearance of a legal residential condo project" through various "fraudulently procured or produced documents and instruments").) These allegations do not satisfy Rule 8's notice pleading requirement, because they lump Defendants together without identifying which Defendants are alleged to have committed which crimes on what occasions. *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015). Without that information, Defendants lack adequate notice to respond individually as to the alleged predicate acts.

Furthermore, the FAC lacks factual allegations sufficient to plausibly state violations of the federal crimes at issue. As to wire fraud and mail fraud, Plaintiffs allege that "misrepresentations involved in the mail fraud were made to and relied on by the California Department of Real Estate [("DRE")] in issuing the public report" for the sale and financing of

the condos. (FAC ¶ 804; *see also* FAC ¶ 805.) Plaintiffs, however, do not allege what misrepresentations were made to DRE by mail among the numerous communications described earlier in the FAC, as required under Rule 9(b). Nor do Plaintiffs plausibly allege that the misrepresentations to DRE proximately caused them harm. "To state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 9 (2010) (cleaned up). For RICO purposes, proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged," not a link that is "too remote" or "indirect." *Id.* (cleaned up). Plaintiffs' theory relies on a chain of events: that alleged misrepresentations to DRE led the City to issue a public report authorizing the condos for sale, which led to Plaintiffs' condo being sold to the previous owners, which led to Plaintiffs buying the condo without reviewing the permits and realizing that the property had various defects. That is precisely the type of lengthy causal chain that the Supreme Court rejected in *Hemi*.

Plaintiffs also allege that Defendant Hayes used email to send "false information" about the developer and the Homeowner's Association to Plaintiffs. (FAC ¶ 804.) But, again, Plaintiffs do not specify which of Hayes' statements in the prior paragraphs of the FAC were sent by email, and thus do not allege what misrepresentations were made via wire or how those misrepresentations proximately harmed them, as required by Rule 9(b).[2]

As to mortgage fraud under 18 U.S.C. § 1344, "[o]nly financial institutions have standing to allege violations of bank fraud under 18 U.S.C. § 1344 as predicate acts for RICO purposes." *See Best Deals on TV, Inc. v. Naveed*, No. C 07-1610, 2007 WL 2825652, at *10 (N.D. Cal. Sept. 26, 2007) (collecting cases). Plaintiffs do not allege themselves to be financial institutions.

As to bribery, Plaintiffs do not allege what bribe was paid to or by any Defendant. The

[2] Plaintiffs also refer to a VA loan that the developers obtained for the condo project. (FAC ¶ 805.) However, Plaintiffs do not plausibly allege how this loan, to which they were not a party, proximately caused injury to them.

only non-conclusory mention of a bribe was allegedly to a person who is not a defendant, and it is not clear how the alleged bribe relates to the injury suffered by Plaintiffs. (FAC ¶ 410.)

As to money laundering, the elements are that the defendant (1) engaged in a financial transaction involving proceeds from specified illegal activity, (2) knew the proceeds were from the illegal activity, and (3) intended that the transaction promote the illegal activity or conceal the nature, source, location, ownership, or control of the proceeds. *See* 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i); *United States v. Marbella*, 73 F.3d 1508, 1514 (9th Cir. 1996). Because money laundering involves an element of fraud, Plaintiffs must plead those allegations with specificity under Rule 9(b). *DeSoto v. Condon*, No. SACV08514AHSMLGX, 2008 WL 11338151, at *10 (C.D. Cal. Oct. 3, 2008), *aff'd*, 371 F. App'x 822 (9th Cir. 2010). However, Plaintiffs' only allegation appears to be that Trask Lofts HOA was used to "conceal or falsify the source of outside, unrelated funds." (FAC ¶ 802.) There is no allegation which other Defendants participated in this alleged act, that the funds described are illegal proceeds from a specified crime under the money laundering statute, that any Defendant was aware the money was illegal proceeds, or what transactions were undertaken to launder the funds at what time and place.

As to the Hobbs Act, that crime requires robbery, extortion, or an act or threat of physical violence in a manner affecting interstate commerce. 18 U.S.C. § 1951(a). Plaintiffs do not allege acts or threats of violence or robbery. Plaintiffs allege that Defendants Fannie Mae and Movement Mortgage engaged in "extortionate credit transactions when they threatened PLAINTIFFS on a weekly basis with credit reporting and foreclosure." (FAC ¶ 836.) But, as used in the Hobbs Act, extortion requires "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Plaintiffs do not allege that happened to them.

Due to the above-mentioned defects, Defendants' motions to dismiss the civil RICO

claim are granted. (Dkt. Nos. 96, 101, 115, 120, 164, 165, 222, 232, 259, 262, 276, 277.)[3] The dismissal is with leave to amend, as the Court cannot say at this juncture that amendment would be futile.

In addition, the Wardhaughs' motion for a more definite statement under Rule 12(e) (Dkt. No. 230) is granted as to the civil RICO claim on the same basis. Because the FAC lumps together all the civil RICO Defendants in alleging predicate acts, the FAC does not allege what predicate acts those specific Defendants committed under RICO, as is necessary to reasonably allow them to formulate a response.

**2. *Section 1983 Claims*.** Plaintiffs have sued the City of Oakland and its employees Low, Merkamp, Wirt, Wanzo-Bryant, and Watson (the "City Defendants"), under 42 U.S.C. § 1983 based on alleged deprivation of property in violation of due process.[4] That claim fails because the FAC does not state a claim that the City Defendants were responsible for the deprivation of Plaintiffs' property. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (section 1983 claim based on a procedural due process violation requires a "deprivation" of a property interest "by the government"). The City Defendants were not alleged to have been involved in the foreclosure that caused Plaintiffs to lose their condo. Nor are the City Defendants alleged to have been involved in Plaintiffs' purchase of the property or their decision to make a down payment on a property that turned out to have significant problems. Essentially, Plaintiffs' argument is that the City Defendants gave others permission to build a defective condo and failed to stop the faulty construction. However, an "[a]ction taken by private entities with the mere approval or acquiescence" of a government actor is not action by that government actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Plaintiffs have not stated a section 1983 claim, and the City Defendants' motion to dismiss that cause of action is granted

[3] Fannie Mae's motion to join the motion to dismiss filed by Movement Mortgage and ServiceMac is granted. (Dkt. No. 120.)

[4] Plaintiffs concede in their opposition to the City Defendants' motion that they are basing their claim solely on a due process violation, not on an equal protection violation. (Dkt. No. 228 at 19.)

with leave to amend.

**3. *Supplemental Jurisdiction*.** Both federal claims in the FAC have been dismissed, depriving the Court of federal question jurisdiction, and the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over the remaining state law claims. This case is at an early stage of the proceedings, and concerns over "judicial economy, convenience, fairness, and comity" weigh against exercising supplemental jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). Accordingly, the Court dismisses the state law claims against the moving Defendants without prejudice for lack of subject matter jurisdiction, and denies as moot the Defendants' motions to dismiss and/or for a more definite statement as to those claims.

The Court notes that there are other Defendants against whom civil RICO claims are pending, who have either submitted answers or defaulted. Theoretically, those claims could provide a basis for supplemental jurisdiction over the moving Defendants' state law claims, to the extent they arise out of the same facts. However, in determining whether to exercise supplemental jurisdiction, the Court must examine whether state law claims "substantially predominate" over any federal claims. 28 U.S.C. § 1367(c)(2). The "weakness of the federal claim" is an important factor in that analysis. *See Diven v. Amalgamated Transit Union Int'l & Loc. 689*, 38 F.3d 598, 602 (D.C. Cir. 1994). Here, the civil RICO claims appear to suffer the same defects identified above as to *all* Defendants against whom those claims are brought, not just the moving Defendants. Given the weakness of the remaining federal claims, the Court exercises its discretion to decline supplemental jurisdiction over the state law claims against the moving Defendants.

**4. *Summary*.** Defendants' motions to dismiss in Docket Nos. 96, 101, 120, 164, 165, 222, 232, 259, 262, 276, and 277 are granted in part as to the civil RICO claims, and denied in part as moot as to the state law claims, which are dismissed without prejudice for lack of subject

matter jurisdiction.[5] The City Defendants' motion to dismiss (Dkt. No. 115) is granted in part as to the civil RICO claim and section 1983 claims, and denied in part as moot as to the state law claims. Defendants' motions to dismiss in Docket Nos. 14, 91, 138, 211, and 243 are denied as moot, as the state law claims at issue are dismissed without prejudice for lack of subject matter jurisdiction. The Wardhaughs' motion for a more definite statement (Dkt. No. 230) is granted. Defendants' Bolinas Rd LLC and Clare's motion for a more definite statement (Dkt. No. 229) is denied as moot, in light of the dismissal of the civil RICO claim against those Defendants and the lack of subject matter jurisdiction over the remaining state law claims. The anti-SLAPP motions to strike filed by Defendants Parish and Wendel Rosen LLP (Dkt. No. 97) and Defendant Wasko (Dkt. No. 163) are denied as moot, in light of the dismissal without prejudice of the underlying state law claims for lack of subject matter jurisdiction. Because those dismissals were without prejudice, the Court will not grant attorneys' fees as to either motion.

The civil RICO and section 1983 claims are dismissed with leave to amend. Though the Court has serious questions about whether Plaintiffs will be able to correct the deficiencies identified, Plaintiffs have not previously had an opportunity to correct those defects after a ruling on a motion to dismiss, and the Court cannot say at this juncture that leave to amend would necessarily be futile.

Plaintiffs may indeed have a set of valid state law claims based on the significant construction defects alleged in the FAC, which are described as rendering the property entirely uninhabitable. However, the Court questions whether the case is likely to remain in federal court. If Plaintiffs would prefer to conserve resources by bringing their claims in state court instead rather than continuing to pursue the federal claims at issue, Plaintiffs may voluntarily dismiss their lawsuit under Rule 41. That would result in a dismissal without prejudice on all claims (including the federal claims) and allow Plaintiffs to bring their state law claims

[5] Fidelity National Financial also moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2). (Dkt. No. 277.) That motion is denied as moot, in light of the dismissal under Rule 12(b)(6) of the sole federal claim against that defendant, which was the civil RICO claim, and the lack of subject matter jurisdiction over the remaining state law claims.

immediately to the California state courts.

If Plaintiffs believe instead that they can cure the deficiencies identified, Plaintiffs shall file a Second Amended Complaint no later June 10, 2024. The Second Amended Complaint shall not add additional claims or parties without further leave of Court. Failure to meet this deadline or failure to cure the deficiencies identified in this Order will result in Plaintiffs' civil RICO and section 1983 claims against the moving Defendants being dismissed with prejudice and their remaining state law claims against those Defendants being dismissed without prejudice due to lack of subject matter jurisdiction.

The Court stays Defendants' obligation to respond to any state law claims in the Second Amended Complaint until further order of the Court, to allow the Court to assess first the viability of any federal claims, which may affect its subject matter jurisdiction. Defendants must respond to any federal claims by no later than 45 days after the filing of the Second Amended Complaint. All Defendants whose response is a motion to dismiss, or who seek judgment on the pleadings as to a federal claim in the Second Amended Complaint, shall file a consolidated joint brief of no more than 40 pages by that deadline. Plaintiffs shall have 30 days after the filing of Defendants' consolidated brief to file an opposition brief of no more than 40 pages. Defendants shall file any reply as a consolidated brief of no more than 15 pages within 30 days after the filing of Plaintiffs' opposition. The motions to dismiss and/or for judgment on the pleadings shall be noticed for hearing no earlier than 21 days after due date for the submission of the consolidated reply brief.

**IT IS SO ORDERED.**

Dated: May 10, 2024



RITA F. LIN
United States District Judge